**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YATI BONG, | No. 08-70417 |
| Petitioner, | Agency No. A098-474-200 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Yati Bong, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U .S.C. § 1252.  We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Bong established changed or extraordinary circumstances excusing the untimely filing of her asylum application.  *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam); *Tampubulon v. Holder*, 610 F.3d 1056, 1059 n.4 (9th Cir. 2010). Accordingly, Bong's asylum claim fails.

Substantial evidence supports the agency's denial of Bong's claim for CAT relief because she failed to show it is more likely than not she will be tortured if returned to Indonesia.  *See Wakkary*, 558 F.3d at 1067-68.

Substantial evidence also supports the agency's determination that Bong's experiences in Indonesia, including harassment, discrimination, and a robbery, did not constitute past persecution.  *See id.* at 1059-60.  In addition, the record does not compel the conclusion that there is a pattern or practice of persecution against Chinese in Indonesia.  *See id.* at 1061-62.  However, in denying Bong's withholding of removal claim, the agency did not apply the disfavored group analysis.  Because the agency did not have the benefit of our intervening decision in *Wakkary*, we remand for the agency to assess Bong's withholding of removal

2                                                                                          08-70417

claim under the disfavored group analysis in the first instance. *See id*. at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**